### JAMES RICHARDS and THOMAS RICHARDS, Executors of John Morris, v. EBENEZER WEST, Executor of Kendal West.

Orphans' Court.   Sussex.   April 10, 1826.

*Ridgely's Notebook V, 35.*

*William Hill Wells* for petitioners.   *Peter Robinson* for respondents.   .   .   .

THE CHANCELLOR.   This is a petition of the executors of John Morris against Ebenezer West, executor of Kendal West, for counter-security.   John Morris in his lifetime was the surety of Ebenezer West in the testamentary bond.   On an appeal taken by Patty M. West, a daughter of Kendal West and a devisee, the administration account of Ebenezer West was settled in this Court, and the balance found to be in his hands was $42.07¼. This petition is not grounded on that balance, but it is alleged that Kendal West, in his life and just before his death, made a fraudulent bill of sale for a vessel to Ebenezer West, which was delivered to him, that that vessel is liable to creditors, and that Ebenezer, the executor, should account for said vessel in his administration account; and as he has not, and will not, and has but little property, the executors of John Morris, his surety in the testamentary bond, may hereafter be charged by the creditors for the said vessel.

I am of opinion that John Morris's executors cannot be made liable for that vessel.   According to the Act of Assembly [1 Del.Laws 219], the bill of sale, though fraudulent as to creditors, was good and valid against Kendal West in his lifetime,

and is good against his executors, heirs and devisees, and legatees, and against all claiming his estate, or part of it, as his representatives. If the bill of sale barred Kendal West, the right to the vessel cannot revive in his executor, but if it was fraudulent, the bargainee, if he was a party to the fraud, may be responsible in his own right to creditors, but not in his representative capacity; and therefore John Morris, or his representatives, cannot be hurt by the transaction.

Petition dismissed.